# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SCOTT TOELK a/k/a SCOTT DIDONATO, RICHARD TOELK, and VERONICA TOELK-GARBARINO, | : : : : | |
| Plaintiffs, | : : | CIVIL ACTION NO. 2:09-CV-05630-JD |
| v. | : : | |
| PAUL MORRISSEY, ANDY WARHOL FOUNDATION FOR THE VISUAL ARTS, INC., IMAGE ENTERTAINMENT, INC., and SCORE-SARX CO., | : : : : : | |
| Defendants. | : | |

## O R D E R

AND NOW, this ____ day of _____, 2010, upon consideration of the Motion to Strike Plaintiffs' Second Amended Complaint, filed by Defendant Andy Warhol Foundation for the Visual Arts, Inc. (the "Foundation"), and any responses or replies thereto, **IT IS ORDERED** that the Motion is **GRANTED**. Plaintiffs' Second Amended Complaint against Defendant Foundation is **STRICKEN WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that the Foundation's Motion to Dismiss Plaintiffs' Amended Complaint is **GRANTED WITH PREJUDICE** as uncontested.

BY THE COURT

_____
JAN E. DUBOIS, J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SCOTT TOELK a/k/a SCOTT DIDONATO, RICHARD TOELK, and VERONICA TOELK-GARBARINO, | : : : : | |
| Plaintiffs, | : : | CIVIL ACTION NO. 2:09-CV-05630-JD |
| v. | : : | |
| PAUL MORRISSEY, ANDY WARHOL FOUNDATION FOR THE VISUAL ARTS, INC., IMAGE ENTERTAINMENT, INC., and SCORE-SARX CO., | : : : : : | |
| Defendants. | : | |

## DEFENDANT ANDY WARHOL FOUNDATION FOR THE VISUAL ARTS, INC.'S MOTION TO STRIKE PLAINTIFFS' SECOND AMENDED COMPLAINT

Defendant Andy Warhol Foundation for the Visual Arts, Inc. (the "Foundation") moves to strike Plaintiffs' Second Amended Complaint in its entirety with prejudice, pursuant to Federal Rule of Civil Procedure 12(f). The grounds for this Motion are fully set forth in the accompanying Memorandum of Law, which is incorporated herein by reference. The Foundation also respectfully urges this Court to grant its pending Motion to Dismiss Plaintiffs' Amended Complaint, which is now uncontested.

Dated: February 24, 2010

                                            Respectfully submitted,

                                             *s/ Robert C. Heim*
                                            Robert C. Heim (ID No. 15758)
                                            Tara L. Cooney (ID No. 201822)
                                            Albert Suh (ID No. 203400)
                                            DECHERT LLP
                                            Cira Centre

2929 Arch Street
Philadelphia, PA 19104-2808
Telephone: (215) 994-4000
Facsimile: (215) 994-2222
Email: robert.heim@dechert.com
tara.cooney@dechert.com
albert.suh@dechert.com

*Attorneys for Defendant Andy Warhol Foundation
for the Visual Arts, Inc.*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SCOTT TOELK a/k/a SCOTT DIDONATO, RICHARD TOELK, and VERONICA TOELK-GARBARINO, | : : : : | |
| Plaintiffs, | : : | CIVIL ACTION NO. 2:09-CV-05630-JD |
| v. | : : | |
| PAUL MORRISSEY, ANDY WARHOL FOUNDATION FOR THE VISUAL ARTS, INC., IMAGE ENTERTAINMENT, INC., and SCORE-SARX CO., | : : : : : | |
| Defendants. | : | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT
ANDY WARHOL FOUNDATION FOR THE VISUAL ARTS, INC.'S
<u>MOTION TO STRIKE PLAINTIFFS' SECOND AMENDED COMPLAINT</u>**

Defendant Andy Warhol Foundation for the Visual Arts, Inc. (the "Foundation") submits this Memorandum of Law in support of its Motion to Strike Plaintiffs' Second Amended Complaint. The Foundation respectfully urges this Court to grant its Motion and strike the Second Amended Complaint in its entirety with prejudice. The Foundation also respectfully urges this Court to grant the Foundation's pending Motion to Dismiss Plaintiffs' Amended Complaint, which is now uncontested.

**FACTUAL BACKGROUND**

Plaintiffs Scott Toelk a/k/a Scott DiDonato, Richard Toelk, and Veronica Toelk-Gabarino ("Plaintiffs") are the adult children of the late Richard Toelk ("Mr. Toelk"), a former actor. In an apparent effort to exploit their long-deceased father's artistic endeavors for their own personal financial gain, Plaintiffs – without a hint of factual or legal support – initiated this lawsuit by filing a Complaint on November 25, 2009, unheedingly hurling the most disturbing of accusations at the Foundation and the other Defendants, Paul Morrissey ("Mr. Morrissey"), Score-Sarx Company ("Score-Sarx"), and Image Entertainment, Inc. ("Image Entertainment"), purportedly based on the supposed production and distribution of a movie called *All Aboard to Dreamland Choo Choo* ("*All Aboard*") in which Mr. Toelk allegedly appeared.[1]

The Foundation filed its Motion to Dismiss Plaintiffs' Complaint on January 7, 2010. The Foundation's Motion made plain the numerous alternative bases for dismissal of Plaintiffs' claims with prejudice. On or about January 19, 2010, Plaintiffs filed their Amended Complaint,

---

[1] Plaintiffs' initial Complaint purported to allege violations of unspecified federal child pornography statutes, unspecified civil rights laws, and state law claims for invasion of privacy and negligent infliction of emotional distress against the Foundation and the other Defendants.

and, on January 20, 2010, this Court denied the Foundation's Motion without prejudice as moot in light of that filing. The Amended Complaint, like the initial Complaint, failed to set forth factual matter indicating that the Foundation has any rightful place in this lawsuit or that Plaintiffs have any facially plausible – or even discernible – claim against the Foundation.[2] Accordingly, the Foundation moved to dismiss Plaintiffs' Amended Complaint, again asserting numerous alternative bases for dismissal of Plaintiffs' claims with prejudice. Co-Defendants Mr. Morrissey and Image Entertainment filed a separate, joint Motion to Dismiss. These two Motions to Dismiss were filed and served upon Plaintiffs' counsel via Electronic Court Filing ("ECF") on February 8, 2010.

Pursuant to Local Rule of Civil Procedure 7.1(c), Plaintiffs were required to file a brief in opposition to Defendants' Motions to Dismiss within fourteen days of service, or by February 22, 2010. *See* Loc. R. Civ. P. 7.1(c). Plaintiffs failed to do so. Instead, on February 18, 2010, after twice forcing the Foundation to spend significant resources moving for dismissal of two wholly frivolous complaints, Plaintiffs filed a third frivolous complaint in this matter: Plaintiffs' Second Amended Complaint.

The Second Amended Complaint clearly violates Federal Rule of Civil Procedure 15(a)(2), as Plaintiffs failed even to request, let alone obtain, Defendants' consent or leave of this Court prior to its filing. Moreover, the Second Amended Complaint still fails to state a claim and suffers from the same – or perhaps more extreme – fatal flaws of its predecessors. For

---

[2] Plaintiffs' Amended Complaint appeared to allege state law claims for invasion of privacy and emotional distress against the Foundation and other Defendants (Count I), and some other unspecified claim against Defendant Mr. Morrissey (Count II).

example, the Second Amended Complaint plainly alleges no cause of action, but merely asserts that "[i]t is the contention of the Plaintiffs . . . that they are entitled to the residuals/royalties that are connected to the sale of the movie" and seeks a "formal accounting" of sales. 2d Am. Compl. ¶¶ 14-15. And, tellingly, the Second Amended Complaint neither addresses nor corrects any of its predecessor complaints' fatal flaws – including improper venue and standing defects – that gave rise to Defendants' numerous alternative arguments for dismissal.

Enough is enough. For obvious reasons, Plaintiffs' Second Amended Complaint should be stricken with prejudice. Furthermore, because Plaintiffs' Second Amended Complaint is a nullity, the Foundation is entitled to a ruling on its February 8, 2010 Motions to Dismiss, which is now uncontested and pending before this Court.

## ARGUMENT

Pursuant to Federal Rule of Civil Procedure 12(f), the Foundation moves to strike Plaintiff's Second Amended Complaint with prejudice. Fed. R. Civ. P. 12(f) (providing that the "court may strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter . . . on its own . . . or . . . on motion made by a party"). The Foundation respectfully urges this Court to strike Plaintiffs' Second Amended Complaint in its entirety with prejudice because it was filed without Defendants' consent or the court's leave, in clear violation of Federal Rule of Civil Procedure 15(a). The Foundation also respectfully urges this Court to grant its pending Motion to Dismiss Plaintiffs' Amended Complaint, which is now uncontested, pursuant to Local Rule of Civil Procedure 7.1(c).

**I. Plaintiffs' Second Amended Complaint Violates Federal Rule Of Civil Procedure 15(a) And Must Be Stricken.**

Federal Rule of Civil Procedure 15(a) provides, in relevant part: "A party may amend its pleading once as a matter of course . . . . In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a). Courts routinely strike amended pleadings which fail to comply with Rule 15 and do not consider them. *See, e.g.*, *Colbert v. City of Phila.*, 931 F. Supp. 389, 393 (E.D. Pa. 1996) (Bartle, J.) ("Plaintiffs, however, have not requested leave of court to file this second amended complaint as required by Rule 15(a) of the Federal Rules of Civil Procedure. It is a nullity, and the court will not consider it."); *see also Magee v. Local 2187*, No. 05-1669, 2008 WL 2812986, at *1 (E.D. Pa. July 21, 2008) (Shapiro, J.) (noting that the court previously ordered the second amended complaint stricken for failure to comply with Rule 15); *Cummings v. Office of Catholic Educ.*, No. 05-104, 2005 WL 1124103, at *1 n.1 (E.D. Pa. May 11, 2005) (Ludwig, J.) (granting motion to strike the second amended complaint for violation of Rule 15(a) because "[d]efendants did not consent to a second amended complaint and plaintiffs did not request leave of court to file one").

In this case, Plaintiffs plainly fail to meet the requirements of Rule 15(a). Plaintiffs already amended their pleading once as a matter of course by filing the Amended Complaint. Plaintiffs neither requested nor obtained in writing the consent of the Foundation or any other Defendant to amend the Amended Complaint and file the Second Amended Complaint. Plaintiffs also never requested leave of this Court to file the Second Amended Complaint.[3]

---

3   The Foundation most certainly would have objected to any such request for leave. Even if Plaintiffs had attempted to comply with Rule 15(a), the Second Amended Complaint – filed after Plaintiffs had an opportunity to review the Foundation's Motion to Dismiss the

Under such circumstances, this Court should strike with prejudice Plaintiffs' Second Amended Complaint, which has now, for the third time, forced the Foundation to spend considerable resources in response to Plaintiffs' wholly meritless and hapless attempts to exploit their father's artistic legacy for money.

## II. The Foundation's Motion To Dismiss Plaintiffs' Amended Complaint Should Be Granted As Uncontested.

Plaintiffs' deadline to respond to Defendants' Motions to Dismiss Plaintiffs' Amended Complaint has passed, and, to date, Plaintiffs have not filed any opposition papers with the Court. For this reason alone, the Foundation's Motion to Dismiss Plaintiffs' Amended Complaint may be granted. *See* Loc. R. Civ. P. 7.1(c) (providing that, "[i]n the absence of timely response, the motion may be granted as uncontested").

---

initial Complaint and Defendants' Motions to Dismiss the Amended Complaint – suffers from same fatal defects as Plaintiffs' prior two complaints and should be dismissed for a host of reasons, including Plaintiffs' failure to identify their purported claims, let alone to plead sufficient factual matter to show that any claims are facially plausible. In fact, Plaintiffs abandon any attempt to assert a cognizable claim, merely alleging the Plaintiffs' "contention" of entitlement to "residuals/royalties" and seeking a formal accounting. 2d Am. Compl. ¶¶ 14-15. Whatever this "contention" purports to be, it certainly fails to meet the pleading requirements of Federal Rule of Civil Procedure 8(a). *See Ashcroft v. Iqbal*, --- U.S. ----, 129 S. Ct. 1937, 1949 (2009) (the Rule 8 pleading standard "asks for more than a sheer possibility that a defendant has acted unlawfully") (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)); *Fowler v. UPMC Shadyside*, 578 F.3d 203 (3d Cir. 2009) ("it is clear that conclusory or 'bare-bones' allegations will no longer survive a motion to dismiss") (citing *Iqbal*, 129 S. Ct. at 1949); *see also Basinger v. Wentz*, No. 08-1545, 2009 WL 1675274, at *3 (M.D. Pa. June 15, 2009) (dismissing the complaint for failure to provide sufficient factual allegations, where it was "excessively general and devote[d] considerably more time to making sweeping, conclusory legal statements condemning Defendants than it [did] explaining clearly what claims [were] being advanced and against whom").

Again, Plaintiffs, for the third time, have forced the Foundation to respond to a wholly meritless and improperly pled complaint. Without this Court's intervention, there is no reason to believe that Plaintiffs will cease their current pattern of frivolous filings. Thus, the Foundation respectfully urges this Court to exercise its discretion and grant the Foundation's Motion to Dismiss Plaintiffs' Amended Complaint with prejudice as uncontested.[4]

## CONCLUSION

Based on the foregoing reasons, the Foundation respectfully urges this Court to strike Plaintiffs' Second Amended Complaint in its entirety with prejudice, pursuant to Rule 12(f). The Foundation also respectfully urges this Court to grant the Foundation's pending Motion to Dismiss Plaintiffs' Amended Complaint, which is now uncontested.

Dated: February 24, 2010

Respectfully submitted,

*s/ Robert C. Heim*
Robert C. Heim (ID No. 15758)
Tara L. Cooney (ID No. 201822)
Albert Suh (ID No. 203400)
DECHERT LLP
Cira Centre
2929 Arch Street
Philadelphia, PA 19104-2808
Telephone: (215) 994-4000
Facsimile: (215) 994-2222
Email: robert.heim@dechert.com

---

[4] Even if this Court determines not to grant the Foundation's pending Motion to Dismiss as uncontested, the Foundation is still entitled to a ruling on the merits of its outstanding Motion. *See Colbert*, 931 F. Supp. at 393 (ruling on the motion to dismiss the amended complaint and ignoring the second amended complaint as a nullity, as it was filed without leave of court).

tara.cooney@dechert.com
albert.suh@dechert.com

*Attorneys for Defendant Andy Warhol Foundation
for the Visual Arts, Inc.*

# CERTIFICATE OF SERVICE

I hereby certify that on this, the 24th day of February 2010, I caused a true and correct copy of the foregoing Proposed Order, Motion to Strike Plaintiffs' Second Amended Complaint, and accompanying Memorandum of Law to be served on the following parties and counsel of record via ECF or first class mail:

>Anthony J. Sciolla, Jr.
>801 Old York Road
>Noble Plaza, Suite 219
>Jenkintown, PA 19046
>ajsciollajr@msn.com
>
>Aaron M. Zeisler
>Satterlee Stephens Burke & Burke LLP
>230 Park Avenue
>New York, NY 10169
>
>Matthew J. Borger
>Klehr Harrison Harvey Branzburg LLP
>1835 Market Street, Suite 1400
>Philadelphia, PA 19103
>mborger@klehr.com
>
>Score-Sarx Company
>20525 Nordhoff Street, Suite 200
>Chatsworth, CA 91311

*s/ Albert Suh*