## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

_____

|  |  |
|---|---|
| SCOTT TOELK a/k/a SCOTT DIDONATO, RICHARD TOELK, VERONICA TOELK-GARBARINO, | : CIVIL ACTION<br>:<br>:<br>: |
| Plaintiffs, | : NO. 2:09-CV-05630-JD<br>: |
| -against- | :<br>: |
| PAUL MORRISSEY, ANDY WARHOL FOUNDATION FOR THE VISUAL ARTS, INC., IMAGE ENTERTAINMENT, INC., SCORE-SARX COMPANY, | :<br>:<br>:<br>:<br>: |
| Defendants. | :<br>: |

_____

## ORDER

AND NOW, this ___ day of _____, 2010, upon consideration of the defendants

Paul Morrissey's and Image Entertainment, Inc.'s Memorandum of Law in Opposition to

Plaintiffs' Motion For Voluntary Dismissal of the Second Amended Complaint Without

Prejudice Pursuant to Rule 41(a)(2), the parties' submissions in support thereof and in opposition

thereto, and all prior pleadings and proceedings had herein, IT IS HEREBY ORDERED that the

Plaintiffs' Motion is DENIED.

IT IS HEREBY FURTHER ORDERED that Plaintiffs' Second Amended Complaint is

DISMISSED WITH PREJUDICE as to defendants Paul Morrissey and Image Entertainment,

Inc.

BY THE COURT:

_____

**JAN E. DUBOIS, J.**

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

---

|  |  |
|---|---|
| SCOTT TOELK a/k/a SCOTT DIDONATO, RICHARD TOELK, VERONICA TOELK-GARBARINO, | : CIVIL ACTION<br>:<br>:<br>:<br>: NO. 2:09-CV-05630-JD<br>: |
| Plaintiffs, | : |
| -against- | : |
| PAUL MORRISSEY, ANDY WARHOL FOUNDATION FOR THE VISUAL ARTS, INC., IMAGE ENTERTAINMENT, INC., SCORE-SARX COMPANY, | : |
| Defendants. | : |

---

**MEMORANDUM OF LAW IN OPPOSITION TO THE MOTION FOR VOLUNTARY
DISMISSAL OF THE SECOND AMENDED COMPLAINT
<u>PURSUANT TO FRCP 41(a)(2)</u>**


**SATTERLEE STEPHENS BURKE & BURKE LLP**
Aaron M. Zeisler, Esq. (admitted *pro hac vice*)
230 Park Avenue, 11th Floor
New York, NY 10169-0079
Tel: (212) 818-9200


**KLEHR HARRISON HARVEY BRANZBURG LLP**
Matthew J. Borger, Esq.
1835 Market Street, Suite 1400
Philadelphia, PA 19103
Tel: (215) 568-6060


Dated:  April 15, 2010

Defendants Paul Morrissey ("Morrissey") and Image Entertainment, Inc. ("Image") (together, "Defendants") submit this Memorandum of Law in Opposition to Plaintiffs' Motion For Voluntary Dismissal of the Second Amended Complaint Without Prejudice Pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure ("FRCP").

## PRELIMINARY STATEMENT

Plaintiffs' motion for voluntary dismissal pursuant to Rule 41(a)(2) should be denied. The Court's discretion in granting dismissals under Rule 41(a)(2) is premised upon preventing voluntary dismissals which unfairly affect the other side, and here, a dismissal without prejudice would be inappropriate and contrary to the weight of authority in this jurisdiction. Indeed, courts routinely dismiss actions with prejudice under Rule 41(a)(2) where, as here, Plaintiffs failed to oppose Defendants' motion to dismiss and attempt to use a voluntary dismissal motion as a means to evade it. Moreover, Plaintiffs' stated reason for seeking dismissal – because they "have obtained the death certificate for the late Richard Toelk and, as such, are planning on opening his Estate in order to properly pursue a claim on behalf of the Estate of Richard Toelk" – ignores the statute of limitations and other incurable defects in Plaintiffs' action, which further warrants the Court granting a dismissal with prejudice.

For these reasons and those stated herein, Defendants respectfully request that the Court deny Plaintiffs' motion for voluntary dismissal without prejudice, and instead, dismiss the action with prejudice pursuant to: (i) Defendants' pending motion to dismiss the Second Amended Complaint, or (ii) the Court's inherent power to dismiss it with prejudice for good cause shown by Defendants pursuant to FRCP 41(a)(2).

## STATEMENT OF FACTS

Within a span of mere months, Plaintiffs Scott Toelk, Richard Toelk and Veronica Toelk-Garbarino (together, "Plaintiffs") served and filed three versions of their Complaint. Plaintiffs filed their initial Complaint on or about November 25, 2009. *See* "Compl." [ECF Doc. No. 1]. After defendant The Andy Warhol Foundation for the Visual Arts (the "Foundation")

filed a motion to dismiss the Complaint, Plaintiffs filed an Amended Complaint. *See* "Am. Compl." [ECF Doc. No. 3].

The Amended Complaint however did not address all of the deficiencies of the original complaint and thus the Defendants and the Foundation each brought separate motions to dismiss the Amended Complaint.  [ECF Doc. Nos. 16, 19].  In turn, on February 18, 2010, Plaintiffs' filed a Second Amended Complaint. *See* "SAC" [ECF Doc. No. 24].  The Defendants and the Foundation took issue with the propriety of the Second Amended Complaint and brought dual motions to strike the Second Amended Complaint.  [ECF Doc. Nos. 25, 26].

The Court denied the motions to strike without prejudice, and found that the pending motions to dismiss the Amended Complaint were rendered moot by the Second Amended Complaint.  <u>See</u> Court's Order of March 1, 2010 [ECF Doc. No. 27].  Thereafter, citing deficiencies that remained unaddressed since the time of the original Complaint, the Defendants Morrissey, Image and the Foundation filed motions to dismiss the Second Amended Complaint.  [ECF Doc. Nos. 29, 30].  Both motions were filed on March 22, 2010 and remain unresolved. <u>Id</u>.

Plaintiffs have not filed or served any papers in opposition to the pending motions to dismiss the Second Amended Complaint.  Plaintiffs filed the instant motion to voluntarily dismiss the Second Amended Complaint pursuant to FRCP 41(a)(2) on April 1, 2010.  [ECF Document No. 31].[1]

## ARGUMENT

I. **IN ORDER TO PREVENT UNDUE PREJUDICE TO DEFENDANTS, THE COURT SHOULD EITHER DENY  PLAINTIFFS' FRCP 41(A)(2) MOTION OR GRANT A DISMISSAL WITH PREJUDICE**

Voluntary dismissal pursuant to FRCP Rule 41(a)(2) is not granted as a matter of right, but rather "falls within the discretion of the district court."  *Ferguson v. Eakle*, 492 F.2d 26, 28 (3d Cir.1974).  It is within the Court's discretion "to grant the dismissal <u>with prejudice</u>

---

[1] On the Court's ECF docket the motion appears to have been filed by only one plaintiff, Scott Toelk.

800719_4

where it would be inequitable or prejudicial to defendant[s] to allow plaintiff to refile the action. *Chodorow v. Roswick*, 160 F.R.D. 522, 523 (E.D. Pa. 1995) (emphasis added).  "'The purpose of the grant of discretion under Rule 41(a)(2) ... is primarily to prevent voluntary dismissals which unfairly affect the other side.'"  *Dodge-Regupol, Inc. v. RB Rubber Products, Inc.*, 585 F. Supp. 2d 645, 652 (M.D. Pa. 2008) (citing Charles A. Wright & Arthur R. Miller, 9 Fed. Prac. & Proc. Civ.2d § 2364 n. 19).

Where, as here, the granting of a motion for voluntary dismissal will result in more than "the mere prospect of a second lawsuit," undue prejudice may be presumed. *Chodorow*, 160 F.R.D. 523 (citing *Miller v. Trans World Airlines, Inc.*, 103 F.R.D. 20, 21 (E.D. Pa. 1984)).  The relevant factors in this analysis include:

> (1) the excessive and duplicative expense of a second litigation; (2) the effort and expense incurred by the defendant in preparing for trial; (3) the extent to which the current suit has progressed; (4) the plaintiff's diligence in bringing the motion to dismiss and explanation therefore; and (5) the pendency of a dispositive motion by the non-moving party.

*Dodge-Regupol*, 585 F.Supp.2d at 652 (citing *Schandelmeier v. Otis Div. of Baker-Material Handling Corp.*, 143 F.R.D. 102, 102-03 (W.D. Pa. 1992), *Citizens Sav. Ass'n v. Franciscus*, 120 F.R.D. 22, 26 (M.D. Pa. 1988)).  The "Third Circuit has taken a restrictive approach to granting dismissal without prejudice." *Dodge-Regupol*, 585 F. Supp. 2d at 652.

Here, the first, second, third, and fifth factors cited above (which focus on the efforts expended by defendants prior to the motion for voluntary dismissal) weigh heavily against Plaintiffs' motion and demonstrate the prejudice Defendants will suffer if the Second Amended Complaint is dismissed without prejudice. Defendants Morrissey and Image – as well as the Foundation – have brought motions to dismiss the Amended and Second Amended Complaint.  *See* Defs' Motions to Dismiss the Amended and Second Amended Complaints [ECF Doc. Nos. 19-22, 30].  Because Plaintiffs did not secure leave to file the Second Amended Complaint, Defendants also brought a motion to strike the Second Amended Complaint.  [ECF Doc. No. 26].  These motions were the product of "effort and expense on the part of

defendant[s]" that should be considered by the Court in weighing Defendants' prospective prejudice. *Crooker v. Wachovia Bank, and Lustig, Glaser & Wilson, P.C.*, 2010 WL 1186147, *2 (E.D. Pa. 2010).

Now, instead of opposing the pending motions to dismiss the Second Amended Complaint, Plaintiffs seek to evade the defects which they were unable to cure in the Second Amended Complaint by obtaining voluntary dismissal under FRCP Rule 41(a)(2). Indeed, Plaintiffs freely admit that the instant motion was made "on the grounds that counsel for the Plaintiff has recently been advised that the Plaintiffs have obtained the death certificate for the late Richard Toelk and, as such, are planning on opening his Estate in order to properly pursue a claim on behalf of the Estate of Richard Toelk." *See* Pls' Motion for Voluntary Dismissal, pp. 1-2 (emphasis added) [ECF Doc. No. 31].

Yet, Plaintiffs ignore the statute of limitations and other incurable defects from which their action suffers, further warranting a dismissal with prejudice. *See generally* Defs' Motion to Dismiss the Second Amended Complaint [ECF Doc. No. 30] (seeking dismissal of the Second Amended Complaint for, among other defects, statute of limitations, improper venue, standing, and failure to state a cause of action); the Foundation's Motion to Dismiss the Second Amended Complaint [ECF Doc. No. 29] (same). By Plaintiffs' own admission, Plaintiffs seek voluntary dismissal for strategic reasons, yet only intend to address one of the problems raised and made known to them by way of motion practice. No amount of re-pleading, however, can cure these defects. This conclusion alone weighs heavily in favor of dismissing the complaint with prejudice.

Ultimately, because Plaintiffs' motion purports to address only one of the deficiencies raised in Defendants' motions to dismiss (the failure to bring claims on behalf of the Estate) – but ignores the other deficiencies that cannot be cured by amendment (such as the statute of limitations) – a dismissal of the Second Amended Complaint without prejudice would result in duplicative litigation and a waste of judicial resources. Under these circumstances, any "dismissal must be with prejudice." *Schandelmeier*, 143 F.R.D. at 103 (dismissal without

prejudice would unduly harm defendants because plaintiffs failed to oppose defendants' dispositive motion and voluntary dismissal could not be used to evade motion); *see also Chodorow*, 160 F.R.D. at 524 (meritless or weakened claims favor denial of Rule 41(a)(2) motion or dismissal with prejudice); *Crooker*, 2010 WL 1186147 at *2 (dismissal with prejudice where plaintiff failed to oppose defendant's motion to dismiss filed prior to FRCP Rule 41(a)(2) motion); *D.C.G. ex rel. E.M.G. v. Wilson Area School Dist.*, 2009 WL 838548, 4 (E.D. Pa. 2009) (plaintiff's attempt to avoid dispositive motion by voluntary dismissal weighs against granting of motion without prejudice).

Finally, the fourth factor cited in *Dodge-Regupol,* "the plaintiff's diligence in bringing the motion to dismiss and explanation therefore," warrants the denial of Plaintiffs' motion, or the granting of it with prejudice.  Plaintiffs offer absolutely no explanation as to: (i) the timing of their motion, (ii) why it was brought after the filing of Defendants' motion to dismiss, or (iii) why they have elected to seek voluntary dismissal instead of simply opposing Defendants' motion to dismiss.  *See* Pls.' Motion for Voluntary Dismissal [ECF Document No. 31].  In *Schandelmeier*, where plaintiffs failed to oppose defendants' dispositive motion and failed to explain the timing of their motion for voluntary dismissal, the Court dismissed the complaint with prejudice.  143 F.R.D. at 103.  The same result is called for here.  *Id.*; *see also Thomas v. Amerada Hess Corp.* 393 F. Supp. 58, 70 (E.D. Pa. 1975) (insufficient explanation as to voluntary dismissal cited as reason for dismissal with prejudice).

## II.  THE COURT SHOULD GRANT DEFENDANTS' MOTION TO DISMISS THE SECOND AMENDED COMPLAINT

The Court should nonetheless grant Defendants' pending motion to dismiss the Second Amended Complaint because the motion is unopposed.  Pursuant to Rule 7.1(c) of the Local Civil Rules for the Eastern District of Pennsylvania, any opposition to Defendants' motion to dismiss the Second Amended Complaint was due no later than 14 days after service of the motion papers.  Accounting for electronic service of Defendants' papers, any opposition on the

5

part of Plaintiffs had to be filed by April 1, 2010.    Plaintiffs failed to submit any opposition to Defendants' motion, and thus, the motion should be granted.  *See* Local Civil Rule 7.1(c) ("In the absence of timely response, the motion may be granted as uncontested.").

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court deny Plaintiffs' motion for voluntary dismissal of the Second Amended Complaint without prejudice, and instead, dismiss it with prejudice pursuant to Defendants' pending motion to dismiss the Second Amended Complaint or the Court's inherent power to dismiss it with prejudice for good cause shown pursuant to FRCP 41(a)(2).

Dated:  April 15, 2010                                    Respectfully submitted,


/s/ Aaron M. Zeisler
Aaron M. Zeisler, Esq. (admitted *pro hac vice*)
SATTERLEE STEPHENS BURKE & BURKE LLP
230 Park Avenue, 11th Floor
New York, NY 10169-0079
Tel: (212) 818-9200
Email: azeisler@ssbb.com


/s/ Matthew J. Borger
Matthew J. Borger, Esq.
KLEHR HARRISON HARVEY BRANZBURG LLP
1835 Market Street, Suite 1400
Philadelphia, PA 19103
Tel: (215) 568-6060
Email: mborger@klehr.com

*Attorneys for the Defendants Paul Morrissey and Image Entertainment, Inc.*

800719_4

## CERTIFICATE OF SERVICE

I, Matthew J. Borger, hereby certify that, on April 15, 2010, the foregoing proposed Order and Defendants' Memorandum of Law in Opposition to Plaintiffs' Motion For Voluntary Dismissal of the Second Amended Complaint Without Prejudice Pursuant to Rule 41(a)(2) have been filed electronically and are available for viewing and downloading from the Court's ECF system.  I further certify that on this date I served the foregoing upon counsel listed below via first class mail as follows:

| | |
|---|---|
| Anthony J. Sciolla, Jr.<br>Law Offices<br>Noble Plaza, Suite 219<br>801 Old York Road<br>Jenkintown, PA 19046<br>Tel: (215) 673-9222 | Robert C. Heim<br>Tara L. Cooney<br>DECHERT LLP<br>Cira Centre, 2929 Arch Street<br>Philadelphia, PA 19104<br>Tel: (215) 994-4000 |

  /s/ Matthew J. Borger____
Matthew J. Borger, Esquire

7

800719_4