**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| SCOTT TOELK a/k/a SCOTT DIDONATO, RICHARD TOELK, and VERONICA TOELK-GARBARINO, | : : : : |
| Plaintiffs, | : CIVIL ACTION NO. : 2:09-CV-05630-JD |
| v. | : : |
| PAUL MORRISSEY, ANDY WARHOL FOUNDATION FOR THE VISUAL ARTS, INC., IMAGE ENTERTAINMENT, INC., and SCORE-SARX CO., | : : : : : |
| Defendants. | : |

# O R D E R

AND NOW, this \_\_\_\_ day of _____, 2010, upon consideration of the Motion for Voluntary Dismissal filed by Plaintiff Scott Toelk, the Brief in Opposition filed by Defendant Andy Warhol Foundation for the Visual Arts, Inc. (the "Foundation"), and any other responses or replies thereto, **IT IS ORDERED** that the Motion for Voluntary Dismissal is **DENIED**.

**IT IS FURTHER ORDERED** that the Foundation's Motion to Dismiss Plaintiffs' Second Amended Complaint with prejudice is **GRANTED**.

BY THE COURT:

_____
JAN E. DUBOIS, J.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SCOTT TOELK a/k/a SCOTT DIDONATO, RICHARD TOELK, and VERONICA TOELK-GARBARINO, | : : : : |
| Plaintiffs, | : CIVIL ACTION NO. : 2:09-CV-05630-JD |
| v. | : : |
| PAUL MORRISSEY, ANDY WARHOL FOUNDATION FOR THE VISUAL ARTS, INC., IMAGE ENTERTAINMENT, INC., and SCORE-SARX CO., | : : : : : |
| Defendants. | : |

**DEFENDANT ANDY WARHOL FOUNDATION FOR THE VISUAL ARTS, INC.'S
BRIEF IN OPPOSITION TO THE MOTION FOR VOLUNTARY DISMISSAL**

## TABLE OF CONTENTS

Page

FACTUAL BACKGROUND ................................................................................................ 2

ARGUMENT ...................................................................................................................... 4

I. PLAINTIFF SCOTT TOELK FAILS TO IDENTIFY ANY PROPER LEGAL BASIS FOR THE MOTION FOR VOLUNTARY DISMISSAL; THUS, HIS MOTION MUST BE DENIED .................................................................................................. 4

II. ALTERNATIVELY, EVEN IF THIS COURT TREATS PLAINTIFF SCOTT TOELK'S MOTION AS MADE PURSUANT TO RULE 41(a)(2), IT MUST BE DENIED ........... 4

    A. Voluntary Dismissal Under Rule 41(a)(2) Would Prejudice The Foundation; Thus, The Motion Should Be Denied ................................................................. 5

        1. A Second Litigation Would Be Excessive And Duplicative ............... 6

        2. The Foundation Has Incurred Substantial Effort And Expense In Preparing Its Numerous Previously-Filed Motions In This Case ................................................................................................ 7

        3. This Lawsuit Has Already Been Extended, Despite Plaintiffs' Prior Violation Of The Federal Rules Of Civil Procedure, And Is Now Ripe For Dismissal With Prejudice ......................................... 7

        4. This Motion For Voluntary Dismissal Exemplifies Plaintiffs' Lack Of Diligence In Their Conduct During This Lawsuit And Fails To Set Forth A Sufficient Ground For Dismissal ....................... 8

        5. The Foundation's Third Motion To Dismiss Of This Lawsuit Is Presently Pending Before This Court, As Is Co-Defendants' Second Motion To Dismiss ................................................................ 9

    B. If Voluntary Dismissal Is Granted, Dismissal Should Be With Prejudice .......... 10

CONCLUSION ................................................................................................................. 10

## TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Andrew Meyer Designs, LLC v. Hassan*,
   No. 06-1095, 2006 WL 2251703 (E.D. Pa. Aug. 4, 2006) ...................................................... 9

*Bridge Oil, Ltd. v. Green Pac. A/S*,
   321 Fed. Appx. 244 (4th Cir. 2008) ......................................................................................... 5

*Chodorow v. Roswick*,
   160 F.R.D. 522 (E.D. Pa. 1995) ......................................................................................... 5, 10

*Citizens Sav. Ass'n v. Franciscus*,
   120 F.R.D. 22 (M.D. Pa. 1988) ................................................................................................ 9

*Crooker v. Wachovia Bank*,
   No. 09-2076, 2010 WL 1186147 (E.D. Pa. Mar. 25, 2010) ............................................... 5, 10

*D.C.G. ex rel. E.M.G. v. Wilson Area Sch. Dist.*,
   No. 07-1357, 2009 WL 838548 (E.D. Pa. Mar. 27, 2009) ....................................................... 5

*Dodge-Regupol, Inc. v. RB Rubber Prods., Inc.*,
   585 F. Supp. 2d 645 (M.D. Pa. 2008) ...................................................................................... 6

*Grover v. Eli Lilly & Co.*,
   33 F.3d 716 (6th Cir. 1994) ...................................................................................................... 5

*Ikospentakis v. Thalassic S.S. Agency*,
   915 F.2d 176 (5th Cir. 1990) .................................................................................................... 5

*Young v. Johnson & Johnson Corp.*,
   No. 05-2393, 2005 WL 2886218 (E.D. Pa. Nov. 2, 2005) ....................................................... 9

**RULES**

Local R. Civ. P. 7.1(c) ................................................................................................................... 3

Defendant Andy Warhol Foundation for the Visual Arts, Inc. (the "Foundation") submits this Brief in Opposition to the Motion for Voluntary Dismissal filed by Plaintiff Scott Toelk on April 1, 2010 (the "Motion").

The Motion is the latest example of Plaintiffs' demonstrated inability – or unwillingness – to state any legal basis for their requested relief.  In fact, Scott Toelk concedes the impropriety of Plaintiffs' *three* prior complaints:  he states that the Motion is "made on the grounds that counsel for the Plaintiff has recently been advised that the Plaintiffs have obtained the death certificate for the late Richard Toelk and, as such, are planning on opening his Estate in order to *properly* pursue a claim on behalf of the Estate of Richard Toelk." Motion for Voluntary Dismissal ¶ 1 (emphasis added).  In other words, Scott Toelk requests voluntary dismissal after compelling the Foundation to file four motions in response to three *admittedly* improper complaints – two of which were filed after the Foundation (in its first motion to dismiss) identified the fatal standing defects that purportedly prompt the present Motion.

The Motion for Voluntary Dismissal should be denied because:  (1) Scott Toelk fails to identify any legal basis for the Motion, as he moves pursuant to a non-existent provision of Federal Rule of Civil Procedure 41; and (2) alternatively, even if this Court treats the Motion for Voluntary Dismissal as brought pursuant to Rule 41(a)(2), Defendants would be prejudiced by voluntary dismissal without prejudice.  The Foundation respectfully requests that this Court deny Plaintiff Scott Toelk's Motion for Voluntary Dismissal, rule upon the merits of the Foundation's pending Motion to Dismiss Plaintiffs' Second Amended Complaint, and dismiss this lawsuit with prejudice as to the Foundation.

**FACTUAL BACKGROUND**

Plaintiffs Scott Toelk a/k/a Scott DiDonato, Richard Toelk, and Veronica Toelk-Gabarino ("Plaintiffs") are the adult children of the late Richard Toelk ("Mr. Toelk"), a former actor. In an apparent effort to exploit their long-deceased father's artistic endeavors for their own personal financial gain, Plaintiffs – without a hint of factual or legal support – initiated this lawsuit by filing a Complaint on November 25, 2009, unheedingly hurling the most disturbing of accusations at the Foundation and the other Defendants, Paul Morrissey ("Mr. Morrissey"), Score-Sarx Company ("Score-Sarx"), and Image Entertainment, Inc. ("Image Entertainment"), purportedly based on the supposed production and distribution of a movie called *All Aboard to Dreamland Choo Choo* ("*All Aboard*") in which Mr. Toelk allegedly appeared.

The Foundation summarized the procedural history of this lawsuit in its Motion to Dismiss Plaintiffs' Second Amended Complaint, which is incorporated herein.[1] Briefly, to date, Plaintiffs have filed three complaints, each suffering from multiple fatal flaws. In response, the Foundation has filed three motions to dismiss, each based on numerous alternative grounds for dismissal with prejudice. Co-Defendants Mr. Morrissey and Image Entertainment also have filed two motions to dismiss in this matter. Presently pending before this Court are: the Foundation's Motion to Dismiss Plaintiffs' Second Amended Complaint, filed on March 22, 2010; and the separate, joint Motion to Dismiss Plaintiffs' Second Amended Complaint, filed by Mr. Morrissey and Image Entertainment, on the same date.

---

[1]  *See generally* Defendant Andy Warhol Foundation for the Visual Arts, Inc.'s Motion to Dismiss Plaintiffs' Second Amended Complaint, Mar. 22, 2010 (Docket Entry No. 25), appended hereto as Exhibit A.

The time to oppose the pending motions to dismiss has passed.[2] The fact is that no Plaintiff has ever opposed any of Defendants' five motions to dismiss. Plaintiffs twice chose to file amended complaints – once as of right, and once in clear violation of Federal Rule of Civil Procedure 15(a)(2). Scott Toelk now brings a Motion for Voluntary Dismissal without prejudice, in yet another blatant attempt to avoid responding to the meritorious arguments of Defendants' motions to dismiss.

Consistent with Plaintiffs' prior filings, the Motion for Voluntary Dismissal utterly disregards the Federal Rules of Civil Procedure and makes no attempt to identify any legal basis for voluntary dismissal. Specifically:

- The Motion for Voluntary Dismissal fails to identify any law or rule warranting dismissal. It is brought "pursuant to Federal Rule of Civil Procedure 41(a)(ii)" – a rule that does not exist. Motion for Voluntary Dismissal ¶ 1.

- The Motion for Voluntary Dismissal fails to identify which Plaintiffs bring the Motion. To the extent any movant is discernible, it appears that only Plaintiff Scott Toelk is presently moving for voluntary dismissal, as the Motion makes clear that only "*Plaintiff* will move," *id.* (emphasis added), and the Motion was docketed as "Motion to Dismiss filed by Scott Toelk."

- The Motion for Voluntary Dismissal explicitly states that "Plaintiff *will move* the Court . . . for an Order for voluntary dismissal of this action without prejudice" at an unspecified future date and time. *Id.* (emphasis added).

---

[2] The Foundation filed and served its Motion to Dismiss Plaintiffs' Second Amended Complaint on March 22, 2010. Pursuant to Local Rule 7.1(c), Plaintiffs' response to the Foundation's Motion to Dismiss was due fourteen days after service, on April 5, 2010. *See* Local R. Civ. P. 7.1(c).

## ARGUMENT

### I. PLAINTIFF SCOTT TOELK FAILS TO IDENTIFY ANY PROPER LEGAL BASIS FOR THE MOTION FOR VOLUNTARY DISMISSAL; THUS, HIS MOTION MUST BE DENIED

The Motion for Voluntary Dismissal should be denied because, *inter alia*, Scott Toelk moves pursuant to a rule provision that does not exist.[3] Scott Toelk brings his present Motion pursuant to "Federal Rule of Civil Procedure 41(a)(ii)." Motion for Voluntary Dismissal ¶ 1. Rule "41(a)(ii)" is not an actual Federal Rule of Civil Procedure. It thus remains entirely unclear what relief Scott Toelk presently seeks. In fact, he fails to identify any legal basis for any relief whatsoever in his present Motion for Voluntary Dismissal. For this simple reason, the Motion for Voluntary Dismissal should be denied.

### II. ALTERNATIVELY, EVEN IF THIS COURT TREATS PLAINTIFF SCOTT TOELK'S MOTION AS MADE PURSUANT TO RULE 41(a)(2), IT MUST BE DENIED

As noted above, the Motion for Voluntary Dismissal is brought pursuant to a non-existent Federal Rule of Civil Procedure. Thus, the present Motion leaves the Foundation to guess at the nature of relief sought and should be denied for this reason alone. Alternatively, the Foundation

---

[3] Only Plaintiff Scott Toelk presently moves for voluntary dismissal. The Motion states that "*Plaintiff* will move," not Plaintiffs. Motion for Voluntary Dismissal ¶ 1. (emphasis added). Also, the Motion was docketed as "Motion to Dismiss filed by Scott Toelk." (Docket Entry No. 31). Therefore, the Foundation still is entitled to a ruling on the merits of its pending Motion to Dismiss Plaintiffs' Second Amended Complaint with prejudice as to the other Plaintiffs.

4

would be prejudiced by voluntary dismissal under Rule 41(a)(2).[4]  Accordingly, the Motion for Voluntary Dismissal should be denied, or voluntary dismissal should be *with* prejudice.

### A. Voluntary Dismissal Under Rule 41(a)(2) Would Prejudice The Foundation; Thus, The Motion Should Be Denied

"Whether dismissal should be granted under the authority of Rule 41(a)(2) is within the sound discretion of the district court." *Grover v. Eli Lilly & Co.*, 33 F.3d 716, 718 (6th Cir. 1994); *see Bridge Oil, Ltd. v. Green Pac. A/S*, 321 Fed. Appx. 244, 245 (4th Cir. 2008) ("The primary force of [Rule] 41(a)(2) is to empower district courts to exercise discretion over voluntary dismissals."). That is, "voluntary dismissal without prejudice is not a matter of right." *D.C.G. ex rel. E.M.G. v. Wilson Area Sch. Dist.*, No. 07-1357, 2009 WL 838548, at *3 (E.D. Pa. Mar. 27, 2009). The primary purpose for court approval is to protect the non-movant from unfair treatment. *Ikospentakis v. Thalassic S.S. Agency*, 915 F.2d 176, 177 (5th Cir. 1990).

Thus, a court may refuse voluntary dismissal where it would prejudice the non-movant, "both in terms of legal prejudice and litigation expense." *Wilson Area Sch. Dist.*, 2009 WL 838548, at *3. Moreover, "[i]t is within the court's discretion . . . to grant the dismissal ***with prejudice*** where it would be inequitable or prejudicial to defendant to allow plaintiff to refile the action." *Crooker v. Wachovia Bank*, No. 09-2076, 2010 WL 1186147, at *1 (E.D. Pa. Mar. 25, 2010) (quoting *Chodorow v. Roswick*, 160 F.R.D. 522, 523 (E.D. Pa. 1995)) (emphasis added).

In deciding whether to grant voluntary dismissal under Rule 41(a)(2), the court will consider several factors, including: (1) the excessive and duplicative expense of a second

---

[4] It appears that Scott Toelk seeks to apply Rule 41(a)***(2)***, as he cites Rule "41(a)(ii)" and attaches a proposed Order for the Court's signature.

litigation; (2) the effort and expense incurred by the defendant in preparing for trial; (3) the extent to which the current suit has progressed; (4) the plaintiff's diligence in bringing the motion to dismiss and explanation therefore; and (5) the pendency of a dispositive motion by the non-moving party." *Id.* at *2 (citing *Dodge-Regupol, Inc. v. RB Rubber Prods., Inc.*, 585 F. Supp. 2d 645, 652 (M.D. Pa. 2008)). Each of these factors weighs against voluntary dismissal in this case or, alternatively, favors dismissal *with* prejudice:

### 1.      A Second Litigation Would Be Excessive And Duplicative

Plaintiff Scott Toelk expresses his intent to pursue a second litigation against the Foundation on behalf of the Estate of Richard Toelk. Plaintiff presumably intends to open his father's Estate in an attempt to cure the fatal standing (and other) defects of his present lawsuit; however, such action will not cure the other fatal defects of all Plaintiffs' present claims against the Foundation, which Plaintiffs have never addressed.

Indeed, as set forth in the Foundation's Motion to Dismiss Plaintiffs' Second Amended Complaint, to the extent Plaintiffs ever stated a claim against the Foundation, any such claim has been abandoned. Regardless, all of Plaintiffs' purported claims against the Foundation since the inception of this litigation have been time-barred by applicable statutes of limitations and the doctrine of laches. Moreover, Plaintiffs have yet to plead a single cause of action that satisfies the pleading requirements of Federal Rule of Civil Procedure 8 in any of their *three* complaints. A second litigation promises more of the same meritless pleading, and thus to grant the present Motion is to subject the Foundation to even more excessive and duplicative litigation, and substantial expense, without any real chance of recovery for any Plaintiff.

### 2. The Foundation Has Incurred Substantial Effort And Expense In Preparing Its Numerous Previously-Filed Motions In This Case

Plaintiff Scott Toelk moves this Court for voluntary dismissal only after he and the other Plaintiffs twice amended their complaint, and after compelling Defendants collectively to file *seven* dispostive motions – five motions to dismiss and two motions to strike.  Plaintiffs have never directly responded to any argument contained in Defendants' seven prior dispositive motions, each of which has been filed at considerable effort and expense.  Instead, Plaintiffs have persistently sought only to prolong this litigation, in complete disregard for the Federal Rules of Civil Procedure and the meritless nature of their claims.  Tellingly, the Motion for Voluntary Dismissal, based on a non-existent Federal Rule of Civil Procedure, has only served to increase the Foundation's burden and shows that Plaintiffs' pattern of vexatious behavior will not cease absent Court intervention.

### 3. This Lawsuit Has Already Been Extended, Despite Plaintiffs' Prior Violation Of The Federal Rules Of Civil Procedure, And Is Now Ripe For Dismissal With Prejudice

Plaintiffs already have benefited from this Court's latitude:  As noted by this Court in its March 1, 2010 Order, Plaintiffs filed their Second Amended Complaint in violation of Rule 15(a)(2), and correspondingly left Defendants' motions to dismiss the Amended Complaint uncontested.  Yet, to expedite the disposition of this case, this Court on March 1 denied without prejudice Defendants' motions to strike Plaintiffs' Second Amended Complaint, denied as moot Defendants' then-pending motions to dismiss Plaintiffs' Amended Complaint, and granted the Foundation and other Defendants leave to file their now-pending motions to dismiss.

Notwithstanding the express intent of this Court's March 1 Order, Plaintiff Scott Toelk again seeks to prolong this dispute with the Foundation through his present Motion for Voluntary

Dismissal without prejudice. As the two pending motions to dismiss make clear, however, this lawsuit has long been ripe for dismissal *with* prejudice. After three full bites at the apple, Plaintiffs, in the Second Amended Complaint, still do not identify any legal basis for recovery from any Defendant, least of all the Foundation; indeed, Plaintiffs do not identify any claim at all. Moreover, the Second Amended Complaint neither addresses nor corrects any of the predecessor complaints' fatal flaws – including improper venue and standing defects – that gave rise to Defendants' numerous previous alternative arguments for dismissal.[5]

### 4. The Motion For Voluntary Dismissal Exemplifies Plaintiffs' Lack Of Diligence In Their Conduct During This Lawsuit And Fails To Set Forth A Sufficient Ground For Dismissal

In addition to being founded on a non-existent rule, the Motion for Voluntary Dismissal is based upon a single, insufficient ground: "counsel for the Plaintiff has recently been advised that the Plaintiffs have obtained the death certificate for the late Richard Toelk and, as such, are planning on opening his Estate in order to properly pursue a claim on behalf of the Estate of Richard Toelk." Motion for Voluntary Dimissal ¶ 1. Significantly, Plaintiffs have been aware of the standing defects of their lawsuit (at least) ever since the Foundation filed its initial Motion to Dismiss on January 7, 2010. And though Plaintiff Scott Toelk seems to concede that none of Plaintiffs' claims in this litigation have been properly pursued, nowhere does he explain why Mr.

---

[5] The present lawsuit is ripe for dismissal with prejudice also because, from the face of the Motion, it is clear that no Plaintiff has yet determined to move for voluntary dismissal in this matter, and Defendants' pending motions to dismiss have been left unopposed. Scott Toelk's Motion merely expresses an intention to move in the future: "Plaintiff *will move* the Court . . . for an Order for voluntary dismissal of this action without prejudice" at an unspecified future date and time. Motion for Voluntary Dismissal ¶ 1 (emphasis added).

8

Toelk's death certificate was not obtained – or the lawsuit was not voluntarily dismissed – prior to forcing the Foundation to respond to *three* meritless complaints.

### 5. The Foundation's Third Motion To Dismiss Of This Lawsuit Is Presently Pending Before This Court, As Is Co-Defendants' Second Motion To Dismiss

Finally, it is clear that Plaintiff Scott Toelk only now moves for voluntary dismissal because Plaintiffs recognize that an adverse, dispositive ruling on the merits may occur that would put an end to their claims against the Foundation, for good.  Plaintiffs have yet again failed to respond directly to any argument set forth in Defendants' pending motions to dismiss, and their time to respond has expired.  Apparently, even after five motions to dismiss have been filed in this lawsuit, Plaintiffs can muster no legitimate grounds for response to the multiple arguments for dismissal with prejudice.  This Court should not allow Plaintiffs another free pass to engage in future meritless and vexatious litigation.  As Defendants' motions to dismiss Plaintiffs' already twice-amended pleading are presently pending before this Court, the Motion for Voluntary Dismissal – if treated as made pursuant to Rule 41(a)(2) – should be denied.[6]

---

[6] If the Court determines to grant dismissal pursuant to Rule 41(a)(2) in this case, the Foundation respectfully requests that the Court order that Plaintiffs reimburse the Foundation for costs and attorneys' fees.  "The Court has discretion to impose conditions on the granting of the motion to dismiss without prejudice pursuant to Rule 41(a)(2), such as reimbursement of costs and attorney's fees to defendants." *Young v. Johnson & Johnson Corp.*, No. 05-2393, 2005 WL 2886218, at *7 (E.D. Pa. Nov. 2, 2005) (DuBois, J.) (recognizing that such an award is "very common" and "often necessary for the protection of the defendant") (citing *Citizens Sav. Ass'n v. Franciscus*, 120 F.R.D. 22, 24 (M.D. Pa. 1988)); *see Andrew Meyer Designs, LLC v. Hassan*, No. 06-1095, 2006 WL 2251703, at *2 (E.D. Pa. Aug. 4, 2006) ("Among the terms that the court may impose is payment of the costs and fees, including attorneys' fees, associated with litigating the action.").  Here, an award of costs and attorneys' fees is warranted, as Scott Toelk fully admits that the claims in Plaintiffs' *three* prior complaints – which have prompted a total of *seven* dispositive motions – were improperly brought.  *See* Motion for Voluntary

### B.      If Voluntary Dismissal Is Granted, Dismissal Should Be With Prejudice

As noted above, this Court has discretion to grant voluntary dismissal with prejudice "where it would be inequitable or prejudicial to defendant to allow plaintiff to refile the action." *Crooker*, 2010 WL 1186147, at *1 (quoting *Chodorow*, 160 F.R.D. at 523).  For the reasons set forth above, this Court should deny Scott Toelk's present Motion and proceed to rule on the merits of Defendants' pending motions to dismiss, which are unopposed.  Alternatively, also for the reasons set forth above, this lawsuit should be dismissed with prejudice.

### CONCLUSION

Based on the foregoing reasons, the Foundation respectfully requests that this Court deny the Motion for Voluntary Dismissal.  The Foundation further requests that this Court dismiss Plaintiffs' Second Amended Complaint with prejudice as to the Foundation based on the reasons set forth in the Foundation's pending Motion to Dismiss.

Dated:  April 15, 2010

Respectfully submitted,

 *s/ Robert C. Heim*
Robert C. Heim (ID No. 15758)
Tara L. Cooney (ID No. 201822)
Albert Suh (ID No. 203400)
DECHERT LLP
Cira Centre
2929 Arch Street
Philadelphia, PA 19104-2808
Telephone:     (215) 994-4000
Facsimile:      (215) 994-2222
Email:            robert.heim@dechert.com
                     tara.cooney@dechert.com

---

Dismissal ¶ 1 (requesting voluntary dismissal so that Plaintiffs may "properly pursue" their claims).

albert.suh@dechert.com

*Attorneys for Defendant Andy Warhol Foundation for the Visual Arts, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on this, the 15th day of April, 2010, I caused a true and correct copy of the Foundation's Brief in Opposition to the Motion for Voluntary Dismissal and proposed Order to be served on the following parties and counsel of record, via ECF and first class mail:

>Anthony J. Sciolla, Jr.
>801 Old York Road
>Noble Plaza, Suite 219
>Jenkintown, PA 19046
>ajsciollajr@msn.com
>
>Aaron M. Zeisler
>Robert C. Carrillo
>Satterlee Stephens Burke & Burke LLP
>230 Park Avenue, Suite 1130
>New York, NY 10169
>azeisler@ssbb.com
>rcarrillo@ssbb.com
>
>Matthew J. Borger
>Klehr Harrison Harvey Branzburg LLP
>1835 Market Street, Suite 1400
>Philadelphia, PA 19103
>mborger@klehr.com
>
>Score-Sarx Company
>20525 Nordhoff Street, Suite 200
>Chatsworth, CA 91311-6104

*s/ Albert Suh*