# Exhibit A

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| SCOTT TOELK a/k/a SCOTT DIDONATO, RICHARD TOELK, and VERONICA TOELK-GARBARINO, | : : : : | |
| Plaintiffs, | : : | CIVIL ACTION NO. 2:09-CV-05630-JD |
| v. | : : | |
| PAUL MORRISSEY, ANDY WARHOL FOUNDATION FOR THE VISUAL ARTS, INC., IMAGE ENTERTAINMENT, INC., and SCORE-SARX CO., | : : : : : | |
| Defendants. | : | |

## O R D E R

AND NOW, this _____ day of _____, 2010, upon consideration of the Motion to

Dismiss Plaintiffs' Second Amended Complaint filed by Defendant Andy Warhol Foundation for

the Visual Arts, Inc. (the "Foundation"), and any responses or replies thereto, **IT IS ORDERED**

that the Motion is **GRANTED**.  Plaintiffs' Second Amended Complaint against the Foundation

is **DISMISSED WITH PREJUDICE**.

BY THE COURT:

_____

JAN E. DUBOIS, J.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SCOTT TOELK a/k/a SCOTT DIDONATO, RICHARD TOELK, and VERONICA TOELK-GARBARINO, | : : : : | |
| Plaintiffs, | : : | CIVIL ACTION NO. 2:09-CV-05630-JD |
| v. | : : | |
| PAUL MORRISSEY, ANDY WARHOL FOUNDATION FOR THE VISUAL ARTS, INC., IMAGE ENTERTAINMENT, INC., and SCORE-SARX CO., | : : : : : | |
| Defendants. | : : | |

## DEFENDANT ANDY WARHOL FOUNDATION FOR THE VISUAL ARTS, INC.'S MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT

Defendant Andy Warhol Foundation for the Visual Arts, Inc. (the "Foundation") moves

to dismiss Plaintiffs' Second Amended Complaint in its entirety with prejudice, pursuant to

Federal Rules of Civil Procedure 12(b)(3) and 12(b)(6).  The grounds for this Motion are fully

set forth in the accompanying Memorandum of Law, which is incorporated herein by reference.

Dated: March 22, 2010

Respectfully,

s/ Robert C. Heim
Robert C. Heim (ID No. 15758)
Tara L. Cooney (ID No. 201822)
Albert Suh (ID No. 203400)
DECHERT LLP
Cira Centre
2929 Arch Street
Philadelphia, PA 19104-2808
Telephone:    (215) 994-4000
Facsimile:    (215) 994-2222

Email:    robert.heim@dechert.com
tara.cooney@dechert.com
albert.suh@dechert.com

*Attorneys for Defendant Andy Warhol Foundation*
*for the Visual Arts, Inc.*

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |  |
|---|---|---|
| SCOTT TOELK a/k/a SCOTT DIDONATO, RICHARD TOELK, and VERONICA TOELK-GARBARINO, | : : : : |  |
| Plaintiffs, | : : | CIVIL ACTION NO. 2:09-CV-05630-JD |
| v. | : : |  |
| PAUL MORRISSEY, ANDY WARHOL FOUNDATION FOR THE VISUAL ARTS, INC., IMAGE ENTERTAINMENT, INC., and SCORE-SARX CO., | : : : : : |  |
| Defendants. | : |  |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT
ANDY WARHOL FOUNDATION FOR THE VISUAL ARTS, INC.'S
MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT**

# TABLE OF CONTENTS

**Page**

FACTUAL BACKGROUND .................................................................................... 1

PROCEDURAL HISTORY ................................................................................... 1

PLAINTIFFS' SECOND AMENDED COMPLAINT ...................................................... 3

STANDARD OF REVIEW .................................................................................... 5

I.      RULE 12(b)(6):  FAILURE TO STATE A CLAIM ....................................... 5

II.     RULE 12(b)(3):  IMPROPER VENUE .................................................... 6

ARGUMENT ................................................................................................... 7

I.      PLAINTIFFS FAIL TO STATE ANY CLAIM AGAINST THE FOUNDATION .......... 8

        A.      Plaintiffs Have Abandoned Any Cause Of Action Against The Foundation ........ 8

        B.      The Second Amended Complaint Fails To Meet The Rule 8 Pleading Standard.. 9

        C.      Even If The Second Amended Complaint May Be Construed To Identify A
                Discernible Claim, It Must Be Dismissed For The Reasons Set Forth In
                Defendants' Prior Motions To Dismiss ............................................... 11

II.     THE SECOND AMENDED COMPLAINT MUST BE DISMISSED IN ITS
        ENTIRETY PURSUANT TO THE DOCTRINE OF LACHES .................................... 12

III.    THE SECOND AMENDED COMPLAINT MUST BE DISMISSED BECAUSE
        VENUE IS IMPROPER .................................................................... 13

CONCLUSION ................................................................................................. 14

## TABLE OF AUTHORITIES

**CASES**

*Ashcroft v. Iqbal,*
 ----U.S. ----, 129 S. Ct. 1937 (2009) .......................................................................5, 6, 10

*Basinger v. Wentz,*
 No. 08-1545, 2009 WL 1675274 (M.D. Pa. June 15, 2009)............................................10

*Bell Atl. Corp. v. Twombly,*
 550 U.S. 544 (2007).......................................................................................................5, 6

*Brown v. Potter,*
 No. 06-695, 2009 WL 3297295 (E.D. Pa. Oct. 9, 2009) .....................................................5

*Erickson v. Pardus,*
 551 U.S. 89 (2007).............................................................................................................5

*Fowler v. UPMC Shadyside,*
 578 F.3d 203 (3d Cir. 2009)......................................................................................5, 6, 10

*Gelman v. State Farm Mut. Auto. Ins. Co.,*
 583 F.3d 187 (3d Cir. 2009)................................................................................................5

*Great Seal Moorish Sci. Temple of Am., Inc. v. New Jersey,*
 No. 05-345, 2005 WL 2396311 (E.D. Pa. Sept. 28, 2005)...........................................7, 14

*Lomanno v. Black,*
 285 F. Supp. 2d 637 (E.D. Pa. 2007) ..................................................................................6

*Phila. Musical Soc'y, Local 77 v. Am. Fed'n of Musicians,*
 812 F. Supp. 509 (E.D. Pa. 1992) .......................................................................................6

*Phillips v. Seiter,*
 173 F.3d 609 (7th Cir. 1999) ........................................................................................7, 14

*Stilp v. Hafer,*
 718 A.2d 290 (Pa. 1998) ..................................................................................................13

## STATUTES

28 U.S.C. § 1391 ...................................................................................................................6

28 U.S.C. § 1406 ...............................................................................................................7, 13

Defendant Andy Warhol Foundation for the Visual Arts, Inc. (the "Foundation") submits this Memorandum of Law in support of its Motion to Dismiss Plaintiffs' Second Amended Complaint. The Second Amended Complaint, like its predecessors, suffers from multiple fatal defects and should be dismissed for a host of reasons, including Plaintiffs' failure to identify any purported claim, let alone to plead sufficiently any claim that is facially plausible.

After three bites at the apple, Plaintiffs still cannot state a claim against the Foundation. Because any further amendment would be futile, dismissal of the Second Amended Complaint should be made with prejudice.

## FACTUAL BACKGROUND[1]

### Procedural History

Plaintiffs Scott Toelk a/k/a Scott DiDonato, Richard Toelk, and Veronica Toelk-Gabarino ("Plaintiffs") are the adult children of the late Richard Toelk ("Mr. Toelk"), a former actor. In an apparent effort to exploit their long-deceased father's artistic endeavors for their own personal financial gain, Plaintiffs – without a hint of factual or legal support – initiated this lawsuit by filing a Complaint on November 25, 2009, unheedingly hurling the most disturbing of accusations at the Foundation and the other Defendants, Paul Morrissey ("Mr. Morrissey"), Score-Sarx Company ("Score-Sarx"), and Image Entertainment, Inc. ("Image Entertainment"),

---

[1]    The Foundation makes no admission with respect to any factual allegation of the Second Amended Complaint. These allegations are recited here solely for the purposes of this Motion and consistent with the applicable standard of review.

purportedly based on the supposed production and distribution of a movie called *All Aboard to Dreamland Choo Choo* ("*All Aboard*") in which Mr. Toelk allegedly appeared.[2]

The Foundation filed its Motion to Dismiss Plaintiffs' Complaint on January 7, 2010, asserting numerous alternative bases for dismissal with prejudice.[3]  After receiving the Foundation's Motion, Plaintiffs chose to continue their lawsuit by filing an Amended Complaint on or about January 19, 2010.[4]  Despite reviewing the Foundation's first Motion to Dismiss prior to amendment, Plaintiffs could neither articulate any cognizable claim against the Foundation in the Amended Complaint, which merely pled a series of confounding and conclusory allegations,[5] nor cure the jurisdictional defects set forth in the Foundation's first Motion.  Accordingly, the Foundation moved to dismiss Plaintiffs' Amended Complaint on February 8, 2010, again asserting numerous alternative bases for dismissal of Plaintiffs' claims with prejudice.[6]  On the same date, Co-Defendants Mr. Morrissey and Image Entertainment filed a separate, joint Motion

---

[2]    Plaintiffs' initial Complaint purported to allege violations of unspecified federal child pornography statutes, unspecified civil rights laws, and state law claims for invasion of privacy and negligent infliction of emotional distress against the Foundation and other Defendants.

[3]    *See* Defendant Andy Warhol Foundation for the Visual Arts, Inc.'s Motion to Dismiss Plaintiffs' Complaint, appended hereto as Exhibit A.

[4]    On January 20, 2010, this Court denied the Foundation's original Motion to Dismiss without prejudice as moot in light of the Amended Complaint.

[5]    In their Amended Complaint, Plaintiffs pled two counts:  Count I sought solely money damages from all Defendants for unspecified violations of unidentified law; and Count II sought money damages and rights to *All Aboard* from Mr. Morrissey only for unspecified violations of unidentified law.

[6]    *See* Defendant Andy Warhol Foundation for the Visual Arts, Inc.'s Motion to Dismiss Plaintiffs' Amended Complaint, appended hereto as Exhibit B.

to Dismiss, themselves articulating numerous alternative bases for dismissal of the Amended Complaint.[7]

Plaintiffs never responded to these Motions to Dismiss the Amended Complaint.  Instead, on February 18, 2010, Plaintiffs unlawfully filed a third complaint in this matter – Plaintiffs' Second Amended Complaint – thus further extending this frivolous lawsuit.  Because Plaintiffs violated Federal Rule of Civil Procedure 15(a)(2) by filing the Second Amended Complaint without obtaining either Defendants' consent or leave of this Court, on February 24, 2010, the Foundation filed a Motion to Strike Plaintiffs' Second Amended Complaint.  Co-Defendants Mr. Morrissey and Image Entertainment also filed a Motion to Strike Plaintiffs' Second Amended Complaint on March 1, 2010.  Though recognizing Plaintiffs' violation of Rule 15(a)(2), to expedite the disposition of this case, this Court on March 1 denied without prejudice Defendants' motions to strike Plaintiffs' Second Amended Complaint, denied as moot Defendants' then-pending motions to dismiss Plaintiffs' Amended Complaint, and granted the Foundation leave to file the present Motion to Dismiss Plaintiffs' Second Amended Complaint.

**Plaintiffs' Second Amended Complaint**

The Foundation appears in just two allegations of the Second Amended Complaint:

- The late Andy Warhol ("Mr. Warhol"), prior to his death, "established the Andy Warhol Foundation for the Visual Arts."  SAC ¶ 10.

- Mr. Morrissey "entered into an agreement and/or received permission from [the Foundation] to utilize the Warhol name as part of the sales and marketing of the films" known as *Heat*, *Trash*, and *Flesh.  Id.* ¶ 9.

---

[7]     *See* Defendants Paul Morrissey's and Image Entertainment's Motion to Dismiss Plaintiffs' Amended Complaint, appended hereto as Exhibit C.

Thus, the Foundation's only alleged connection to this lawsuit is based on some supposed "agreement and/or" receipt of "permission."  Yet, with respect to any supposed agreement, Plaintiffs plead no facts regarding:  when it was entered; by whom it was executed; which Defendants were involved; any of its terms; or, significantly, whether Mr. Toelk or *All Aboard* was even mentioned.  Likewise, Plaintiffs plead no facts regarding:  how Mr. Morrissey might have "received permission" to utilize the Warhol name; who allegedly granted him any such permission; when such permission was granted; how it was granted; the relevant terms and conditions of such permission; or, again, whether Mr. Toelk or *All Aboard* were even contemplated as part of such supposed agreement.

The remaining allegations of the Second Amended Complaint – sparse as they are – focus exclusively on Mr. Morrissey:

- "During the mid 1960's," Mr. Morrissey "produced, directed and scripted several short movies for personal consumption," one of which was *All Aboard*.  SAC ¶ 9.

- Mr. Morrissey "never obtained any authorizations from the parents of Richard Toelk, to allow him to participate in [*All Aboard*]," and Richard Toelk "never financially benefited from the production or distribution of [*All Aboard*]."  *Id.*

- "Due to the failure of the ***Defendant, Paul Morrissey***, to enter into and/or execute releases, contracts and/or residual agreements with the parents of the late Richard Toelk, the late Richard Toelk's children are now seeking residuals from the Defendants for the past, present and future sales of [*All Aboard*]."  *Id.* ¶ 13 (emphasis added).

- "It is also the contention of the Plaintiffs, as the children of the late Richard Toelk, that due to the failure of ***Defendant, Paul Morrissey***, in obtaining the appropriate contracts, that they are entitled to the residuals/royalties that are connected to the sale of the movie."  *Id.* ¶ 14 (emphasis added).

- Based on no more than their "contention," Plaintiffs now seek "a formal accounting" of all "gross sales" of "the films" and "residuals/royalties" "pursuant to the standards set forth by the Screen Actor's Guild."  *Id.* at 4.

4

Though these allegations clearly show that Plaintiffs want money from Defendants, the Second Amended Complaint does not identify any legal basis for recovery from any Defendant, least of all the Foundation; indeed, it does not identify any claim at all. Moreover, the Second Amended Complaint neither addresses nor corrects any of the predecessor complaints' fatal flaws – including improper venue and standing defects – that gave rise to Defendants' numerous previous alternative arguments for dismissal.

**STANDARD OF REVIEW**

**I.     RULE 12(b)(6):  FAILURE TO STATE A CLAIM.**

To survive a Rule 12(b)(6) motion to dismiss, Plaintiffs must satisfy the pleading standards set forth in Rule 8(a), as recently interpreted by the United States Supreme Court, *see Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007); *Ashcroft v. Iqbal*, --- U.S. ----, 129 S. Ct. 1937 (2009), and the Third Circuit Court of Appeals, *see Fowler v. UPMC Shadyside*, 578 F.3d 203 (3d Cir. 2009); *Gelman v. State Farm Mut. Auto. Ins. Co.*, 583 F.3d 187 (3d Cir. 2009).[8] Under Rule 8(a), "all civil complaints must now set out 'sufficient factual matter' to show that the claim is facially plausible," to "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fowler*, 578 F.3d at 210 (quoting *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 556)); *Gelman*, 583 F.3d at 190 (same). This plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 129 S. Ct. at 1949. And, although well-pleaded factual allegations are taken as true, the assumption of truth

---

[8]     As they are represented by counsel, Plaintiffs are not entitled to the more liberal pleading standard available to *pro se* plaintiffs, *see Brown v. Potter*, No. 06-695, 2009 WL 3297295, at *3 (E.D. Pa. Oct. 9, 2009) (DuBois, J.) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)), though the Second Amended Complaint fails even under that standard.

does not extend to "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.*

Accordingly, Plaintiffs cannot satisfy Rule 8 by offering merely "a formulaic recitation of the elements of a cause of action," "labels and conclusions," or "naked assertion[s] devoid of further factual enhancement." *Id.* (quoting *Twombly*, 550 U.S. at 555, 557) (internal quotation marks omitted). After *Iqbal*, "it is clear that conclusory or 'bare-bones' allegations will no longer survive a motion to dismiss." *Fowler*, 578 F.3d at 210 (citing *Iqbal*, 129 S. Ct. at 1949).

## II.     RULE 12(b)(3): IMPROPER VENUE.

Pursuant to 28 U.S.C. § 1391(a), a civil action wherein jurisdiction is founded solely on diversity of citizenship – like the present action[9] – may be brought only in "(1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(a). In a case with multiple claims, venue must be proper for each claim. *See Lomanno v. Black*, 285 F. Supp. 2d 637, 641 (E.D. Pa. 2007) (citing *Phila. Musical Soc'y, Local 77 v. Am. Fed'n of Musicians*, 812 F. Supp. 509, 517 (E.D. Pa. 1992)). Pursuant to 28 U.S.C. § 1406(a), a court facing "a case laying venue in the wrong division or district shall dismiss, or if it be in the

---

[9]     In the Second Amended Complaint, Plaintiffs allege that "[f]ederal jurisdiction is based on diversity of citizenship." SAC ¶ 8.

interest of justice, transfer such case to any district or division in which it could have been

brought." 28 U.S.C. § 1406(a).

Where "Plaintiffs' Complaint is devoid of any factual or legal basis that connects it to

Pennsylvania . . . all of which emanate from Plaintiff[s'] own filings, Defendants have met their

burden of proving that venue is improper," and dismissal may be with prejudice. *See Great Seal*

*Moorish Sci. Temple of Am., Inc. v. New Jersey*, No. 05-345, 2005 WL 2396311, at *2 (E.D. Pa.

Sept. 28, 2005) (Pratter, J.) (finding "nothing in the Complaint to merit transfer . . . rather than

outright dismissal" and accordingly dismissing the complaint with prejudice); *cf. Phillips v.*

*Seiter*, 173 F.3d 609, 610-11 (7th Cir. 1999) (Posner, J.) (asserting that courts should not "waste

judicial resources by transferring a case that is clearly doomed," and "if the case is a sure loser in

the court that has jurisdiction (in the conventional sense) over it, then the court in which it is

initially filed – the court that does not have jurisdiction – should dismiss the case rather than

waste the time of another court").

## ARGUMENT

Plaintiffs' Second Amended Complaint suffers from a multitude of fatal flaws, set forth

below, that warrant its dismissal with prejudice. These include: (1) failure to state a claim

against the Foundation; (2) failure to bring this action until at least ten years after Defendants

allegedly began re-marketing *All Aboard*; and (3) improper venue in this judicial district.[10]

---

[10]     Because the Foundation considers Plaintiffs' Second Amended Complaint – like its
predecessor complaints – to be substantively deficient and meritless, and because
personal jurisdiction may be present, the Foundation has not asserted lack of personal
jurisdiction as a defense and seeks a ruling on the merits.

## I.  PLAINTIFFS FAIL TO STATE ANY CLAIM AGAINST THE FOUNDATION.

The Second Amended Complaint fails to state any claim against the Foundation for three independent reasons:  (1) Plaintiffs have abandoned any cause of action against the Foundation; (2) the Second Amended Complaint fails to meet the Rule 8 pleading standard; and (3) to the extent any claim is discernible from the face of the Second Amended Complaint, it must be dismissed for the reasons set forth in the Foundation's prior motions to dismiss Plaintiffs' Complaint and Amended Complaint, *see* Exhibits A-B, and the separate, joint Motion to Dismiss filed by Mr. Morrissey and Image Entertainment, *see* Exhibit C.

### A.  Plaintiffs Have Abandoned Any Cause Of Action Against The Foundation.

After reviewing Defendants' motions to dismiss the Amended Complaint, Plaintiffs apparently agreed that the Amended Complaint suffered from numerous fatal flaws.  Thus, rather than responding directly to Defendants' motions to dismiss, Plaintiffs chose to "cure" the many defects of the Amended Complaint by filing another amended complaint.  The Second Amended Complaint – though still meritless – attempts to narrow significantly the scope of Plaintiffs' lawsuit, and effectively writes the Foundation out of this lawsuit.

Pursuant to Plaintiffs' amendments, even if Plaintiffs stated a cognizable claim against the Foundation in their prior complaints – which they did not – the Second Amended Complaint clearly shows that any such claim has been abandoned.  In their Amended Complaint, Plaintiffs already had removed what appeared to be claims in the original Complaint under unspecified federal child pornography statutes, unspecified civil rights laws, and state law claims for invasion of privacy and negligent infliction of emotional distress.  In their most recent

amendment, Plaintiffs have removed any reference to what appeared to be claims for invasion of privacy or emotional distress in purported Count I of the Amended Complaint.

Plaintiffs now appear to bring just one vague claim, under some unspecified legal grounds, seeking "residuals/royalties" and "a formal accounting" based on sales of *All Aboard* and/or *Heat*, *Trash*, and *Flesh*.  SAC ¶¶ 14-15.  Plaintiffs assert this remaining ambiguous claim against Mr. Morrissey only.  Plaintiffs' alleged entitlement to relief is based exclusively on "the failure of the Defendant, Paul Morrissey, to enter into and/or execute releases, contracts and/or residual agreements with the parents of the late Richard Toelk."  SAC ¶¶ 13-14.  In fact, the Second Amended Complaint barely mentions the Foundation at all, alleging only that:  (1) Mr. Warhol established the Foundation prior to his death, SAC ¶ 10; and (2) Mr. Morrissey "entered into an agreement and/or received permission from [the Foundation] to utilize the Warhol name as part of the sales and marketing of the films" known as *Heat*, *Trash*, and *Flesh*, SAC ¶ 9.

Plaintiffs' allegations simply fail to implicate the Foundation in any remaining purported claim, in any way.  Even if Plaintiffs' first two complaints could be read to assert a cognizable claim against the Foundation, any such claim has been dropped from this lawsuit.  For this reason alone, the Second Amended Complaint should be dismissed as to the Foundation.

**B.     The Second Amended Complaint Fails To Meet The Rule 8 Pleading Standard.**

As noted, the Second Amended Complaint – filed after Plaintiffs had an opportunity to review the Foundation's Motion to Dismiss the initial Complaint and Defendants' motions to dismiss the Amended Complaint – abandons any attempt to assert a claim against the Foundation.  Additionally, on the face of the Second Amended Complaint, it is simply impossible to discern what legal claim Plaintiffs is advancing against any Defendant.  Plaintiffs

apparently are satisfied simply to continue demanding money from Defendants, regardless of their inability to set forth any legal basis for relief.

Indeed, the Second Amended Complaint fails even to identify – let alone sufficiently plead – any cause of action. The entire Second Amended Complaint appears to rest squarely on Plaintiffs' "contention" of entitlement to "residuals/royalties" and a formal accounting. SAC ¶¶ 14-15. Whatever this "contention" purports to be, it certainly fails to state a claim under the pleading requirements of Federal Rule of Civil Procedure 8(a). *See Iqbal*, 129 S. Ct. at 1949; *see also Basinger v. Wentz*, No. 08-1545, 2009 WL 1675274, at *3 (M.D. Pa. June 15, 2009) (dismissing the complaint for failure to provide sufficient factual allegations, where it was "excessively general and devote[d] considerably more time to making sweeping, conclusory legal statements condemning Defendants than it [did] explaining clearly what claims [were] being advanced and against whom"). Plaintiffs' "contention" is simply a bare legal conclusion, not entitled to any assumption of truth under the Rule 8 pleading standard. *See Fowler*, 578 F.3d at 210 (citing *Iqbal*, 129 S. Ct. at 1949).

Plaintiffs' other allegations are equally bare. For example, Plaintiffs allege that Mr. Morrissey "entered into an agreement *and/or* received permission from" the Foundation "to utilize the Warhol name *as part of* the sales and marketing" of three films in which Mr. Toelk did not appear. SAC ¶ 9 (emphasis added). The Second Amended Complaint does not allege: when specifically any supposed agreement was entered or permission was granted; which Defendants were involved; any terms of such agreement or permission; or, significantly, whether Mr. Toelk or *All Aboard* was even mentioned in any agreement or grant of permission. Furthermore, no details are provided regarding: how and by whom *Heat*, *Trash*, and *Flesh* were

marketed and sold; where the films were marketed and sold; Defendants' respective roles in marketing or sales; whether *All Aboard* was marketed at all; or whether the Foundation was aware that *All Aboard* was attached to the other films.  Plaintiffs also include no details whatsoever regarding how they came to "know" of the supposed existence of any alleged agreement (or any other allegation, including the allegation that the Foundation supposedly granted "permission" to Mr. Morrissey), and Plaintiffs do not attach any agreement to the Second Amended Complaint.  Plaintiffs' intentionally vague pleading betrays their inability – after three bites at the apple – to allege sufficient facts to support any plausible claim.

Finally, Plaintiffs completely fail at alleging that they have been harmed in any way.  Instead, Plaintiffs merely allege that:  they "are now seeking residuals," SAC ¶ 13; "[i]t is also the contention of the Plaintiffs . . . that they are entitled to the residuals/royalties," *id.* ¶ 14; and they "also seek a formal accounting of the sales," *id.* ¶ 15.  Despite such conclusory demands for money, Plaintiffs plead nothing to provide the Foundation any indication of the particular claim asserted or what injury has been suffered.  Thus, the Second Amended Complaint fails to meet the pleading requirements of Rule 8, *Twombly* and *Iqbal*, and must be dismissed pursuant to Rule 12(b)(6).

### C.  Even If The Second Amended Complaint May Be Construed To Identify A Discernible Claim, It Must Be Dismissed For The Reasons Set Forth In Defendants' Prior Motions To Dismiss.

Although Plaintiffs completely fail to identify any purported claim in the Second Amended Complaint, the gist of Plaintiffs' allegations vaguely indicates an attempt to assert some sort of misappropriation or privacy claim.  *See generally* SAC ¶¶ 9-15.  The motions to dismiss Plaintiffs' Amended Complaint filed by Defendants on February 8 set forth numerous

alternative grounds for dismissal with prejudice of precisely this type of claim in Plaintiffs'

Amended Complaint.  Thus, even if any such claim could be discerned from the face of the

Second Amended Complaint, it continues to suffer from the fatal flaws identified and briefed in

Defendants' prior motions to dismiss:  Plaintiffs still lack standing; Plaintiffs' claim still is time-

barred; and Plaintiffs still fail to plead the required elements.  The Foundation incorporates

herein by reference all of the arguments for dismissal set forth in its two prior motions to

dismiss, as well as those raised in separate Motion to Dismiss Plaintiffs' Amended Complaint

filed by Mr. Morrissey and Image Entertainment.  *See* Exhibits A-C.[11]  Pursuant to those

arguments, to the extent Plaintiffs purport to allege any misappropriation or privacy claim, the

Second Amended Complaint must be dismissed pursuant to Rule 12(b)(6).

## II.     THE SECOND AMENDED COMPLAINT MUST BE DISMISSED IN ITS ENTIRETY PURSUANT TO THE DOCTRINE OF LACHES.

Whatever claim Plaintiffs purport to allege, it appears to be based on allegations of Mr.

Toelk's unauthorized participation in, and Defendants' alleged distribution and sale of, *All

Aboard*.  For all of the reasons set forth in the Foundation's Motion to Dismiss Plaintiffs'

Amended Complaint, Plaintiffs' claim – to the extent one exists – must be dismissed pursuant to

the doctrine of laches.  By Plaintiffs' own admissions, their purported claim accrued over forty

years ago.  Plaintiffs admit that *All Aboard* was produced "[d]uring the early 1960's," SAC ¶ 9,

and "was being sold as early as 1967," SAC ¶ 11.  Plaintiffs also attach to the Second Amended

---

[11]     The Foundation also incorporates herein by reference those arguments in the Motion to Dismiss Plaintiffs' Second Amended Complaint filed today by Mr. Morrissey and Image Entertainment.

Complaint a 1967 catalog of videos, which lists *All Aboard* as a rental and includes Mr. Toelk's name. SAC Exhibit A at 12.

Plaintiffs, perhaps recognizing their lawsuit to be inexcusably delayed, newly plead that they "never knew" of the alleged distribution and sale of *All Aboard* "until this past decade." SAC ¶ 11. This allegation does not save Plaintiffs here, as the test for the due diligence relevant to inexcusable delay "is not what a party knows, but what he might have known by the use of information within his reach." *Stilp v. Hafer*, 718 A.2d 290, 294 (Pa. 1998). Regardless, because Plaintiffs explicitly contend that they knew that *All Aboard* has been re-marketed and distributed since the late 1990s or early 2000s, it is clear that Plaintiffs long held enough information to pursue their purported claim. SAC ¶¶ 9, 11. Yet, Plaintiffs waited approximately ten years for sales to accrue before bringing a lawsuit for money damages against all Defendants. Thus, the Second Amended Complaint should be dismissed in its entirety with prejudice as barred by the doctrine of laches.

## III. THE SECOND AMENDED COMPLAINT MUST BE DISMISSED BECAUSE VENUE IS IMPROPER.

Though twice given the opportunity to amend, Plaintiffs still fail to plead how venue may be proper in the Eastern District of Pennsylvania. Like its predecessors, the Second Amended Complaint alleges no connection between this lawsuit and this judicial district, other than the address of Plaintiffs' attorney. Though a court faced with "a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought," 28 U.S.C. § 1406(a), for the reasons discussed herein, the Foundation – like Co-Defendants Morrissey and Image Entertainment in their papers – respectfully requests dismissal of the Second Amended Complaint on the merits.

There is nothing in the Second Amended Complaint – meritless as it is – to support transfer to any other judicial district over outright dismissal of this action with prejudice. *See Great Seal*, 2005 WL 2396311, at \*2; *cf. Phillips*, 173 F.3d at 610-11. Accordingly, the Second Amended Complaint should be dismissed with prejudice.

## <u>CONCLUSION</u>

Based on the foregoing reasons, the Foundation urges this Court to dismiss Plaintiffs' Second Amended Complaint in its entirety with prejudice.

Dated: March 22, 2010

Respectfully submitted,

*s/ Robert C. Heim*

Robert C. Heim (ID No. 15758)
Tara L. Cooney (ID No. 201822)
Albert Suh (ID No. 203400)
DECHERT LLP
Cira Centre
2929 Arch Street
Philadelphia, PA 19104-2808
Telephone:    (215) 994-4000
Facsimile:    (215) 994-2222
Email:    robert.heim@dechert.com
            tara.cooney@dechert.com
            albert.suh@dechert.com

*Attorneys for Defendant Andy Warhol Foundation for the Visual Arts, Inc.*

14

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this, the 22nd day of March, 2010, I caused a true and correct

copy of the foregoing Motion to Dismiss Plaintiffs' Second Amended Complaint, accompanying

Memorandum of Law, Exhibits, and proposed Order to be served on the following parties and

counsel of record, via ECF and first class mail:

Anthony J. Sciolla, Jr.
801 Old York Road
Noble Plaza, Suite 219
Jenkintown, PA 19046
ajsciollajr@msn.com

Aaron M. Zeisler
Robert C. Carrillo
Satterlee Stephens Burke & Burke LLP
230 Park Avenue, Suite 1130
New York, NY 10169
azeisler@ssbb.com
rcarrillo@ssbb.com

Matthew J. Borger
Klehr Harrison Harvey Branzburg LLP
1835 Market Street, Suite 1400
Philadelphia, PA 19103
mborger@klehr.com

Score-Sarx Company
20525 Nordhoff Street, Suite 200
Chatsworth, CA 91311-6104


*s/ Albert Suh*