IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SCOTT TOELK a/k/a SCOTT DIDONATO, RICHARD TOELK, and VERONICA TOELK-GARBARINO, Plaintiffs, | : : : : : : | CIVIL ACTION NO. 09-5630 |
| v. | : : | |
| PAUL MORRISSEY, ANDY WARHOL FOUNDATION FOR THE VISUAL ARTS, INC., IMAGE ENTERTAINMENT, INC., and SCORE-SARX COMPANY, Defendants. | : : : : : | |

**O R D E R**

**AND NOW**, this 7th day of May, 2010, upon consideration of Defendant Andy Warhol Foundation for the Visual Arts, Inc.'s Motion to Dismiss Plaintiffs' Second Amended Complaint (Document No. 29, filed March 22, 2010), Plaintiffs' Response to Defendant, Andy Warhol Foundation for the Visual Arts, Inc.'s Motion to Dismiss the Second Amended Complaint (Document No. 35, filed May 4, 2010), Defendant Paul Morrissey's and Image Entertainment, Inc.'s Motion to Dismiss the Second Amended Complaint (Document No. 30, filed March 22, 2010), Plaintiffs' Response to Defendants, Paul Morrissey and Image Entertainment, Inc.'s Motion to Dismiss the Second Amended Complaint (Document No. 36, filed May 4, 2010), plaintiffs' Motion for Voluntary Dismissal (Document No. 31, filed April 1, 2010), defendant Paul Morrissey's and Image Entertainment, Inc.'s Memorandum of Law in Opposition to the Motion for Voluntary Dismissal of the Second Amended Complaint Pursuant to FRCP 41(a)(2) (Document No. 32, filed April 15, 2010), and Defendant Andy Warhol Foundation for the Visual Arts, Inc.'s Brief in Opposition to the Motion for Voluntary Dismissal (Document No. 33, filed

1

April 15, 2010), **IT IS ORDERED** that Defendant Andy Warhol Foundation for the Visual Arts, Inc.'s Motion to Dismiss Plaintiffs' Second Amended Complaint (Document No. 29) and Defendant Paul Morrissey's and Image Entertainment, Inc.'s Motion to Dismiss the Second Amended Complaint (Document No. 30) are **GRANTED** and plaintiffs' Second Amended Civil Action Complaint (Document No. 24) is **DISMISSED WITH PREJUDICE** as to defendants Andy Warhol Foundation for the Visual Arts, Inc., Paul Morrissey, and Image Entertainment, Inc.

**IT IS FURTHER ORDERED** that plaintiffs' Second Amended Civil Action Complaint (Document No. 24) is **DISMISSED WITH PREJUDICE** as to defendant Score-Sarx Company.

**IT IS FURTHER ORDERED** that plaintiffs' Motion for Voluntary Dismissal (Document No. 33) is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that the Clerk shall **MARK** the case as **CLOSED**.

The decision of the Court is based on the following:

1. The Second Amended Complaint ("Complaint") avers that plaintiffs Scott Toelk, Richard Toelk, and Veronica Toelk-Garbarino are biological children of the late Richard Toelk. (Compl. ¶¶ 1-3.) According to the Complaint, during the mid-1960's in New York City, defendant Paul Morrissey scripted, directed, and produced a short film called *All Aboard The Dreamland Choo Choo*. (Compl. ¶ 9, Ex. A.) Morrissey cast plaintiffs' father, Richard Toelk, who was then 14 years old, in the film. (Compl. ¶ 9.) Morrissey did not obtain any authorization from Richard Toelk's parents to allow him to participate in the film, and Toelk never financially benefitted from the production or distribution of the film. (Compl. ¶ 9.)

*All Aboard* was first distributed for sale in 1967. (Compl. ¶ 9.) The short film was later

incorporated into a trilogy of DVDs which Morrissey distributed through defendant Image Entertainment, Inc. (Compl. ¶ 9.) Defendant Score-Sarx Company "produced the films and DVDs" for Morrissey. (Compl. ¶ 7.) Morrissey "entered into an agreement and/or received permission from" defendant Andy Warhol Foundation for the Visual Arts, Inc. to "utilize the Warhol name as part of the sales and marketing of the films." (Compl. ¶ 9.) Plaintiffs first learned in "this past decade" that *All Aboard* was being distributed for sale. (Compl. ¶ 11.)

Plaintiffs now seek "residuals/royalties" from defendants in connection with "past, present and future sales of *All Aboard the Dreamland Choo Choo*," based on Morrissey's failure to "enter into and/or execute releases, contracts and/or residual agreements with the parents of the late Richard Toelk." (Compl. ¶¶ 13-14) Plaintiffs further seek a "formal accounting of the sales of this movie in order to calculate the amount of the residuals due." (Compl. ¶ 15.)

2.  Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that, in response to a pleading, a defense of "failure to state a claim upon which relief can be granted" may be raised by motion. In analyzing a motion to dismiss pursuant to Rule 12(b)(6), the Court "accept[s] all factual allegations as true, [and] construe[s] the complaint in the light most favorable to the plaintiff...." Phillips v. County of Allegheny, 515 F.3d 224, 231, 233 (3d Cir. 2008) (internal quotations omitted).

"To survive a motion to dismiss, a civil plaintiff must allege facts that 'raise a right to relief above the speculative level....'" Victaulic Co. v. Tieman, 499 F.3d 227, 234 (3d Cir. 2007) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). A complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570). To satisfy

the plausibility standard, a plaintiff's allegations must show that defendant's liability is more than "a sheer possibility."  Id.  "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'"  Id. (quoting Twombly, 550 U.S. at 557).

In Twombly, the Supreme Court utilized a "two-pronged approach" which it later formalized in Iqbal.  Iqbal, 129 S. Ct. at 1950; Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009).  Under this approach, a district court first identifies those factual allegations which constitute nothing more than "legal conclusions" or "naked assertions."  Twombly, 550 U.S. at 555, 557.  Such allegations are "not entitled to the assumption of truth" and must be disregarded.  Iqbal, 129 S. Ct. at 1950.  The court then assesses "the 'nub' of the plaintiff['s] complaint – the well-pleaded, nonconclusory factual allegation[s]... to determine" whether it states a plausible claim for relief.  Id.

3.      In their respective motions to dismiss the Complaint, defendants argue that plaintiffs have failed to satisfy the pleading standards set forth in Federal Rule of Civil Procedure 8(a), as recently interpreted by the United States Supreme Court in Iqbal and Twombly.  Rule 8(a) provides that a "pleading that states a claim for relief must contain... a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a).

4.      The only claim alleged in the Complaint is plaintiffs' contention that they are entitled to "residuals/royalties" and a "formal accounting," as a result of Morrissey's failure to obtain a release from or enter into a contract with Richard Toelk's parents regarding Toelk's appearance in *All Aboard*.  Plaintiffs cite to no legal authority supporting any cause of action entitling plaintiffs to relief upon these facts, and the Court is aware of none.  Moreover, plaintiffs

have provided no response to defendants' arguments that the Complaint fails to satisfy the pleading requirements of Rule 8(a).

5. The Court concludes that plaintiffs' averment that it is entitled to "residuals/royalties" is an unsupported legal conclusion, and therefore must be disregarded pursuant to Iqbal. 129 S. Ct. at 1950. Shorn of that legal conclusion, the Complaint fails to state any claim upon which relief may be granted.[1] Id.; see also Basinger v. Wentz, No. 08-CV-1545, 2009 WL 1675274, at *3 (M.D. Pa. June 15, 2009) (dismissing complaint where it was "excessively general and devote[d] considerably more time to making sweeping, conclusory legal statements condemning Defendants than it [did] explaining clearly what claims [were] being advanced and against whom"). Accordingly, the Court must dismiss the Complaint.

6. Because the issues which led the Court to dismiss the Complaint were raised in defendants' previous motions to dismiss, and plaintiffs thereafter filed the First and Second Amended Complaints in an effort to address all such issues, the Court's dismissal of the Second

---

[1] To the extent that the Complaint alleges a cause of action under Section 51 of the New York Civil Rights Law, as contemplated by defendant Morrissey's motion to dismiss, the Court concludes that plaintiffs fail to state a claim under that statute. Section 51 provides that "[a]ny person whose name, portrait or picture is used within this state for advertising or for the purposes of trade without the written consent first obtained... may maintain an equitable action... and may also sue and recover damages." Gallon v. Hustler Magazine, Inc., 732 F. Supp. 322, 326 (N.D.N.Y. 1990) (citing N.Y. C.R.L. § 51.) The New York courts have made clear that Section 51 privacy claims are restricted to the living, and that "the cause of action may not be asserted by others after decedent's death." Rome Sentinel Co. v. Boustedt, 252 N.Y.S. 2d 10, 12 (N.Y. Sup. Ct. 1964); see also Finger v. Omni Publ'ns Int'l, Ltd., 566 N.E.2d 141, 143 (N.Y. 1990) ("the prohibitions of Civil Rights Law §§ 50 and 51 are to be strictly limited to nonconsensual commercial appropriations of the name, portrait or picture of a *living person*") (emphasis added). Thus, plaintiffs may not assert a cause of action under Section 51 on behalf of their deceased father, and any claim predicated on a violation of Section 51 must be dismissed.

Amended Complaint is with prejudice.  Leave to file a third amended complaint will not be granted.

                                      **BY THE COURT:**

                                      <u>/s/ Jan E. DuBois</u>

                                      **JAN E. DUBOIS, J.**